### GREENBERG v. BERNIKOW FAMILY LIQUOR STORE.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

CORPORATIONS (§ 519*) — LIABILITY FOR ACTS OF OFFICERS — SUFFICIENCY OF EVIDENCE.

In an action for plumbing materials sold on the order of the treasurer of the defendant corporation, but installed in the building, in which the defendant had no interest, evidence *held* not to show that the defendant was liable for such materials.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2085, 2088, 2089, 2091, 2093; Dec. Dig. § 519.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Greenberg against the Bernikow Family Liquor Store. From a judgment of the Municipal Court in favor of the plaintiff, defendant appeals. Reversed, and complaint dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued April term, 1914, before GUY, PAGE, and WHIT-AKER, JJ.

Jacob Manheim, of New York City, for appellant.

Samuel Kahan, of New York City (Benjamin Levinson, of New York City, of counsel), for respondent.

PAGE, J. This action is to recover for goods sold and delivered. The plaintiff sold and delivered certain plumbing materials, which were installed in buildings at Arverne, Long Island, that were not owned by the defendant. These goods were ordered by A. Bernikow, were shipped to A. Bernikow, and a statement thereafter sent to A. Bernikow. While A. Bernikow was the treasurer of the defendant, he did not purport to act for it in this transaction. The sole connection that the defendant corporation appears to have had with the matter was that at the time the contract was made A. Bernikow drew a check on the defendant's bank account, signed by himself as treasurer, for a portion of the purchase price, and gave the defendant's note for the balance due on the first shipment. The note and check were both paid, and this action is to recover for the remaining goods covered by the contract and shipped after this first transaction was completed. The defendant was engaged in the liquor business in Grand street, New York, and was not shown to have any interest in or relation to the buildings at Arverne. There was no fact proved upon which to predicate defendant's liability.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.